### YOUNG v. BURLEY et al.

(Circuit Court of Appeals, Sixth Circuit. November 7, 1912.)

#### No. 2,228.

PATENTS (§§ 19, 328*)—INVENTION—METHOD OF DECORATING POTTERY.

The Young patent, No. 838,155, for a method of decorating pottery, is void for lack of invention, in view of the prior use by others of the same method for marking names and other decorations on heavy stoneware; its adaptation to use on more fragile ware requiring a change in degree only, by making a more elastic backing for the stamp used.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 19; Dec. Dig. § 19.*]

Appeal from the Circuit Court of the United States for the Southern District of Ohio; John E. Sater, Judge.

Suit in equity by John W. Young against James Burley and others. Decree for defendants, and complainant appeals. Affirmed.

The following is the opinion, by Sater, District Judge, in the court below:

The bill charges infringement of patent No. 838,155, applied for March 17, 1906, by J. W. Young, and issued December 11th following. The patent relates to new and useful improvements in the method of decorating earthenware. Its object is to produce an ornamental ware with but a single firing of the material, thereby producing crockery having an underglazed ornamental design comparing favorably with the ordinary twice-fired white Bristol glass or Holland ware. The method involves the use of a flexible rubber stamp resting upon a soft cushion, and with the outlines of an elastic design in high relief to be transferred to the surface of the crockery. The various parts of the design are brought yieldingly into contact with the surface of the crockery while in a green state, whether such surface be convex or concave. To transfer the design to the damp surface of the ware, the stamp, preferably the center portion of it, is first lightly applied to the convex or concave surface, and is then tilted back and forth on the ware to imprint the whole of the design. It would seem, however, that difficulty would be encountered in this form of manipulation in decorating concave surfaces. Slight pressure of the stamp on the curved surface of the crockery is sufficient, it is claimed, to imprint on the ware the coloring matter on the design. The article is then dipped in a glaze and fired once. Coloring material of the character required is prepared and kept conveniently near, and, when desired, the design is brought in contact with it and is thus coated anew. Economy and speed in the production of ornamental ware is claimed for the method. A fair construction of the specification and complainant's evidence is that the stamp contemplated is a hand stamp. The patent also specifies a method of applying an open work design to the surface of crockery, but that need not be considered.

The defendant admits infringement, if the patent is valid. It asserts that, long prior to the time Young filed his application for a patent, each and every step of the process claimed in his patent was old and commonly known and practiced among potters, and that it is therefore wanting both in novelty and invention. Young is a traveling salesman, and not a practical potter. He is unacquainted with the prior state of the art. He doubtless thought considerably and experimented some regarding his process, but his experimenting was not great.

Considering Young's patent with reference to the art prior to the date of his application and his asserted conception of his method, it appears that the Buck patent, No. 483,343, issued in 1892, was for a rubber hand stamp with a yielding cushion of soft India rubber mounted with letters of rubber type, whose imprint by pressure could be made upon surfaces, plain, uneven, convex, or concave. Buck's patent No. 565,327, issued in 1894, for a printing stamp, discloses a device embodying in a substantial manner the characteristics of his earlier patent. The Smith patent, No. 535,736, issued in 1894, was also for a cushioned hand stamp. Smith's specification recites, what was even then a well-known fact, that for many years rubber hand stamps had been made with printing characters cushioned with a layer of soft rubber or of elastic gelatinous material known as roller composition, or of soft rubber sponge, or as in the Buck patent No. 483,343. He provided for a flexible cushion with a spongy interior or body, mounted on a plate and compounded of rubber and some suitable comminuted substance which takes a gaseous form when heated. Above the cushion is the printing face of the type or elastic printing die, which contacts with the surface on which the printing is to be done. The surface may be plain, uneven, or irregular. His stamp may be made in the form of a block with a rubber die cemented thereto. The cushions may be manufactured in various sizes and supplied as an independent article of manufacture by rubber stamp makers at a small cost, and may be attached to such mountings as may be desired, and are specially adapted, the patentee claims, to be used in the various sizes and styles of lever, self-inking, and other mechanical stamps in common use.

Deidrick's application, made December 13, 1904, for a patent for decorat-

ing chinaware while frail and in the green state, and applicable to the decoration of green ware, bisque ware, glazed ware, earthenware, glassware, or any frail object, of any form whatsoever, antedated that of Young by 15 months; the patent No. 808,439, issued thereon December 26, 1905, almost a year prior to Young's. Deidrick uses a roll provided and underlaid with a cylindrical soft spongy rubber body, having a harder and firmer exterior coating of vulcanized rubber carrying the pattern, design, or configuration. The rubber coating was secured to the spongy rubber by rubber cement or other adhesive material. The elasticity of the printing roll is such as to permit it by slight pressure to impress the pattern upon the ware without breaking it. Deidrick uses a roll; Young a pad. Both invoke the same principle and for the same purpose—the decoration of ware at reduced cost. Deidrick employed a guide to obviate irregularities in the transfer of the design; Young relied on the skill of the operator to obtain the same result. In the use of the Deidrick method, if a 'change in the decorative device is desired, the roll is removed and another substituted of a different pattern; in that of Young, the rubber stamp of a given pattern gives place to one bearing a different design. The Deidrick device is self-inking; i. e., the coloring matter is contained in a reservoir, and is imparted to a ribbon which contacts with and is thus impressed on the design on the exterior of the rubber roll. In Young's method, the design on the exterior of the pad is coated with coloring matter by pressing and contacting the pad with such matter. In the one, the design is continuously supplied with coloring matter; in the other, intermittently, as the judgment of the operator suggests; in both, the soft spongy rubber takes up the excessive pressure and prevents the breakage of the ware.

Young claims that his conception of his method antedates that of Deidrick, in that he first thought of it in 1902. He did not, however, test it until later, because he was awaiting a more perfect white ware. He says he wrote to Deidrick in July or August, 1904, that he was positive he could decorate ware with a rubber stamp in the green state, fired with one firing. No effort was made by either party to produce the letter, or by the defendant to show its nonreceipt or nonexistence. Young's first attempt at decorating with a hand stamp was made in April, 1905, and was unsuccessful. A second attempt made at Dayton, Ohio, was also a failure. A cushioned stamp was subsequently successfully used. In the month of April he made an arrangement with the Globe Pottery Company for the production of ware by his method, but it was not put into operation. A fruitless effort was made in May to have the goods made by the Keystone Pottery Company, with which two of the Burleys were connected. In June he made an arrangement with the Crooksville Novelty Works. The stamps used were of Young's procurement, but the goods produced were blemished and unsatisfactory. This was apparently the first time his method as an entirety was tested. William N. Burley learned in "1904, or something like that," that Young was decorating Bristol stoneware by the use of a rubber stamp at the Union Pottery. The date given is manifestly erroneous, because Young did not succeed in his use of rubber stamps until April, 1905, and the Union Pottery Company did not succeed the Filter & Pottery Company, with which Young had entered into a .contract on September 20th, until the fall of that year. Burley, however, had known of the practice of decorating green ware by the use of rubber stamps for 10 or 12 years. He first gained his information from the companies operating at Akron, Ohio. For 7 or 8 years at least he had known of that method of decorating by different factories, one of which was the Star Pottery Company, in which he was financially interested.

Complainant produced three letters, dated October 9, 24, and 30, 1904, respectively, written to his wife, in which he declared his intention to have rubber stamps made for decorative purposes and his belief that he could patent the decorating. These three declarations on the same subject-matter were all made to the same person, his wife, in three postscripts to as many letters, and were all written with a lead pencil; one of the letters, however, being written in ink.

The defense, by its witness Crandall, superintendent of the Red Wing Union Stoneware Company. of Minnesota, and a practical potter, proved that cushioned rubber stamps had been used by that company in 1898 and continuously and extensively since to impress designs on green ware which was subsequently fired but once. He first suggested the method to his employer, and had personally used such stamps in that method of manufacturing. He produced, not only samples of the ware, but stamps that had been used. He fixed the date by incidents connected with the Spanish-American War and by the period at which his employer changed the glaze of its ware, which was in 1900. He named the person who stamped and glazed one of the exhibits. He thinks, from the color of the glaze, that he himself applied the design to another. He named two other shops which employed the same method. Fidlar, another factory superintendent and a practical potter, testified that his employer, doing business in Pennsylvania, has manufactured the same kind of pottery as the defendant company makes, and that his acquaintance with the use of cushioned rubber stamps to transfer designs to such ware in the green, unglazed state dates back as far as 1888. He found orders given in that year for ware thus produced. The ware was fired but once. He produced a stamp which his employer procured from another company in 1890. As foreman it was his duty to see that the goods were properly stamped. The history of his experience, which resulted in the use of such stamps, is not unlike that of Young's. He had no difficulty in coloring or glazing.

The effort to discredit these two witnesses and minimize the effect of their evidence is unavailing. Their evidence cannot be rejected, except on the ground of willful and corrupt untruthfulness. The designs used by them were simple, but the difference between them and the somewhat more elaborate ones used or suggested by complainant is in degree and not in kind. The method employed by them is similar to—I think the same as—Young's. A process patent can be anticipated by a similar process. The slight alteration in the design of the pads used by Crandall and Fidlar in the process of manufacturing their employers' wares was such as would have occurred to an ordinary mechanic whose duty it was to make practical use of the method described. Carnegie Steel Co. v. Cambria Iron Co., 185 U. S. 403, 22 Sup. Ct. 698, 46 L. Ed. 968. The method employed by the factories with which those two witnesses were connected was intentionally designed, apparently adapted, and actually used to perform the function covered by the Young patent, and therefore strips the Young patent of novelty. Walker on Patents, § 68.

Prior knowledge and use in this country by even a single person of the method of the patent negatives novelty. Walker on Patents, § 71; Brush v. Condit, 132 U. S. 39, 10 Sup. Ct. 1, 33 L. Ed. 251. It is true that novelty of mechanical means was not necessary, providing the result obtained by Young had not been reached before. Corning v. Burden, 15 How. 252, 14 L. Ed. 683; Mowry v. Whitney, 14 Wall. 620, 20 L. Ed. 860. The instrumentalities employed were known before. The query therefore is: Were they ever so previously employed as to accomplish a new and useful result? Andrews v. Carman, 13 Blatchf. 307, Fed. Cas. No. 371. The answer must be in the affirmative. The defense has established this by the burden of proof (Pittsburgh Reduction Co. v. Cowles Electric S. & A. Co. [C. C.] 55 Fed. 308) and beyond a reasonable doubt (Coffin v. Ogden, 18 Wall. 120, 124, 21 L. Ed. 821; Simonds Rolling Machine Co. v. Hathorn Mfg. Co., 93 Fed. 961, 36 C. C. A. 24; Walker on Patents, § 76). Before Young conceived the idea of decorating by means of a cushioned, flexible, yielding rubber hand stamp on surfaces plain, uneven, concave, or convex, even an indifferent investigator would have learned that stamps possessing all of those characteristics, and susceptible of use on all such kinds of surfaces, were well known, and that certain specific forms of such stamps had been patented. He had no difficulty in securing rubber stamps. The fragile nature of the material to which they were to be applied by him and on which the desired design was to be imprinted would readily suggest to one skilled in the art the employment of a yielding cushion. The transference of numerals and printing to surfaces of bodies would readily suggest to such a person that designs might be treated

in the same manner. He cannot successfully object to the use of rubber stamps bearing a design, because such stamps had long been previously used. Neither can he object to the application of such stamps to green ware, or to the firing of such ware but once, because that, too, had long been practiced. It, therefore, is immaterial when Young first conceived his method, and whether his conception antedates that of Deidrick or not. His method was neither novel nor patentable.

It is not necessary to review the evidence given by Deidrick for the defense, or by the witnesses produced to discredit his statements. The case may be decided without reference to that controversy. One of the impeaching witnesses, Wiant, as early as 1893, decorated green ware, so he states, which was fired but once, except when the decorating was faulty, then a second firing was had. He had known of the use of rubber stamps in the pottery business for 16 years.

The notices served by the defendant to take testimony stated the names of the witnesses and the city or village in which they lived. There is no evidence that the failure to state the street numbers or their residences misled the complainant, nor is there merit in the contention that notice of the time of taking depositions was too brief. The complainant's counsel were present and cross-examined. The notices were sufficient.

Objection is still urged to the permission given to defendant to amend its answer. These amendments were permitted after a large amount of evidence, now discarded, had been taken. Counsel then representing the defendant, although learned in the state practice, was unfamiliar with the practice of patent law. The record as then made would have entailed great and needless labor on the court. The amendments were allowed, not only to lighten the court's labor, but in the interest of justice. The right to amend should not be denied, when either of these results will be advanced.

The bill is dismissed, and an order may be drawn accordingly.

. Franklin H. Hough and Charles J. Williamson, both of Washington, D. C., for appellant.

Chester C. Shepherd, of Columbus, Ohio, for appellees.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. A bill of complaint, alleging infringement of patent No. 838,155, issued to John W. Young, December 11, 1906, for a "method of decorating pottery," was dismissed by the court below on account of invalidity of the patent, and complainant appealed. Further details are found in the opinion of the court below.

We regard the early use by Crandall and Fidlar as sufficiently well established to satisfy even the strict rule of proof required in such cases; and in view of the fact that they used the very method of the patent for marking names, numbers, descriptive words, and large-figured decorations upon water jars, filters, crocks, etc., there remains only the question whether there was any invention in applying this same method to stamping more elaborate decorations upon smaller and thinner stoneware—the mechanical difficulty of the stamping operation being somewhat increased by the more fragile character of the ware, thus requiring a greater elasticity in the backing of the rubber stamp. We think there was, in this new application, no invention, under the rule of mere change in degree applied by this court in many cases, among them Steiner Co. v. Adrian, 59 Fed. 132, 136, 8 C. C. A. 44; Galvin v. Grand Rapids, 115 Fed. 511, 517, 53 C. C. A. 165; Bullock Co. v. Gen. Electric Co., 149

Fed. 409, 417, 79 C. C. A. 229. It is not a question of transfer in analogous arts, for the two uses were in the same art. We cannot regard the case of Warren Bros. Co. v. Owosso, 166 Fed. 309, 92 C. C. A. 227, as pertinent. The point there involved, in comparing the sidewalk and the street pavement, was not the degree of use, but the kind of use. It was thought that the conditions attending use for heavy vehicle traffic and use for foot traffic were sufficiently different to make them distinct.

Appellant insists that the Fidlar deposition should be suppressed, and not considered, because taken in pursuance to an amendment of the answer, which amendment was procured by misleading the court below as to the degree of diligence the defendant had exercised. The matter of suppressing this deposition for this reason was within the discretion of the trial judge, and we are not called upon to review his action.

The decree will be affirmed, with costs.