FICKLEN et al. v. HARDING.

(Circuit Court of Appeals, Second Circuit. April 13, 1921.)

No. 173.

Patents ⚹⟜328—1,098,792, for street pavement, void for prior use.

The Ficklen patent, No. 1,098,792, for street pavement, *held* void for prior public use of a pavement having all essential elements of that of the patent.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in Equity by William E. Ficklen and Fred J. Klein against J. Horace Harding. Decree for defendant, and complainants appeal. Affirmed.

Suit is upon patent to Ficklen (application filed August 21, 1909, issued June 2, 1914), No. 1,098,792, for a "street pavement." Plaintiffs rely on claims 1, 2, 3, 6, and 7, of which the third claim describes the subject-matter with great particularity and is as follows:

"3. A pavement comprising an earth roadbed, a crust supported directly on said roadbed and comprising a plurality of concrete sections of relatively large area, separated from each other by expansion joints extending from the top of the pavement to the roadbed, and reinforcing means imbedded in and carried by and continuing along the concrete section at the joints which require reinforcement; said reinforcing means consisting of metal strips set into the upper surfaces of the concrete sections along the expansion joints."

After seeing and hearing numerous witnesses the trial court dismissed the bill; the final decree declaring merely that the letters patent in suit "are void." The opinion of Mayer, District Judge, found a prior use on the part of one Baker, such use consisting in the construction (for Wayne county, Mich.) of about a mile of concrete road on Woodward avenue, near Detroit, in April–June, 1919. He therefore did not consider any other defense, although several were urged below and are presented on this appeal.

W. H. C. Clarke and George H. Gilman, both of New York City, for appellants.

W. F. Guthrie, of Youngstown, Ohio, for appellee.

Before WARD, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). Counsel for Ficklen present in argument the following description of the subject-matter of the patent in suit:

"A loose-foundation, expansion-jointed, creeping-section, single-course untopped concrete road having self-setting, substantially-component, soft-wearing reinforcements out of contact with the roadbed at the upper edges of those joints which require reinforcement."

For purposes of discussion only we accept this collection of laudatory phrases as the best that can be said for Ficklen's patent, as it issued, after a very stormy career in the Office. We may, however, state our opinion that Ficklen's disclosure, as filed in 1909, could not have merited from even the most friendly critic such a description as we have just quoted. If the patent has ever taken a form which justifies the claims now made for it, the transformation occurred only when the present claims were advanced; i. e., after 1912.

As for the disclosures and proposed claims as filed, we agree with the summary disposition of them made by the primary Examiner who rejected them as showing no invention over Coignet, 98,033. It may be true that Mr. Ficklen, or his solicitors, did not watch the rapidly advancing art, and amend claims and specification so as to capture some portion of it; but it is plainly true that he did not describe in specification or define in claims that for which he now demands protection until long after his filing date.

We have mentioned this only because the public use found by the court below occurred so soon before Ficklen filed his application. With the findings of fact made by the lower court we entirely agree, and it would serve no good purpose to rehearse the evidence. The result is that, several months before Ficklen filed any application, and several years before he described substantially that which is now said to infringe, the commissioners of Wayne county had and the public used a road substantially as described in the claim first above quoted.

It is said that this road, or so much of it as embodied what is said to be Ficklen's idea, was either an abandoned experiment or an experimental use. As to the law on these points, we need add nothing to our decision in Eastman v. Mayor, 134 Fed. 844, 69 C. C. A. 628.

But it is always true that the question whether a given use is experimental or not is one of fact, and we are of opinion that Baker's or Wayne county's use of the road in question had ceased to be an experiment before Ficklen's filing date. Whatever value there was in it was apparent, and favorably apparent, before that time; that it has not proved important is of no moment, and that it may have been superseded by later and better devices does not render the original use experimental, nor make out of it an abandoned experiment.

Appellant much relies upon the case of Warren v. Owosso, 166 Fed. 309, 92 C. C. A. 227. That case is to be read in conjunction with the subsequent decision of the same court in Young v. Burley, 200 Fed. 258, 118 C. C. A. 368. So read, they do hold that a use of paving for foot passengers was a distinct use from that of the same paving for vehicular traffic. We express no opinion on the foregoing doctrine, other than to point out that the Wayne county use of 1909 was in kind as well as in degree exactly that for which Ficklen's pavement was and is intended.

The decree appealed from is affirmed, with costs.